# CV 12            4671

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK 2012 SEP 19 PM 12: 49

------------------------------------------------------------------ x

BERNARD MARCELLE,

U.S. DISTRICT COURT
EASTERN DISTRICT
OF NEW YORK **COMPLAINT**

                              Plaintiff,

Police Officer TREVOR BARTON, Shield No.
19832; and Police Officers JOHN and JANE
DOES 1 through 10, individually and in their
official capacities, (the names John and Jane Doe
being fictitious, as the true names are presently
unknown),

Jury Trial Demanded

**GERSHON, J.**

SUMMONS ISSUED Defendants.

------------------------------------------------------------------ x

## NATURE OF THE ACTION

1.      This is an action to recover money damages arising out of the violation
of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the
Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United
States.

3.      The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343
and 1367(a).

4.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5.    This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6.    Plaintiff demands a trial by jury in this action.

## PARTIES

7.    Plaintiff Bernard Marcelle ("plaintiff" or "Mr. Marcelle") is a resident of Kings County in the City and State of New York.

8.    Defendant Police Officer Trevor Barton, Shield No. 19832 ("Barton"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Barton is sued in his individual and official capacities.

9.    At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD.  Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

10.    At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

11.    At all times relevant herein, all individual defendants were acting under color of state law.

2

## STATEMENT OF FACTS

12.     At approximately 7:30 p.m. on May 19, 2012, plaintiff was lawfully in the area of 412 Pulaski Street in Brooklyn, New York.

13.     Plaintiff was walking to a bodega when defendant officers grabbed him by his wrist and demanded identification.

14.     Plaintiff did not have his identification with him, but explained that he lived across the street and asked if he could call his mother to get it for him.

15.     Plaintiff was handcuffed and taken to a police vehicle.

16.     After plaintiff was unlawfully in police custody, defendants assaulted and battered him, including choking plaintiff with his head covering.

17.     Defendant officers threw plaintiff to the ground causing his face to hit the concrete.

18.     Once on the ground, defendant officers further assaulted plaintiff, kicking, hitting and punching him.

19.     Defendant officers kneed plaintiff in his groin.

20.     Defendants elbowed plaintiff in his face and punched him about his face and body.

21.     Plaintiff was taken to Police Service Area 3 ("PSA 3").

22.     Plaintiff required medical treatment as a result of the beating suffered by defendant officers.

23.     Plaintiff was taken to Woodhull Hospital for treatment and then taken back to PSA 3.

24.     Approximately 24 hours later plaintiff was transported to Brooklyn Central Booking.

25.     The officers falsely informed employees of the Kings County District Attorney's Office that plaintiff had obstructed governmental administration, engaged in disorderly conduct, consumed alcohol in public, and resisted arrest.

26.     The defendants forwarded false evidence to the Kings County District Attorney's Office, including an arrest report.

27.     The officers had not observed plaintiff obstruct governmental administration, engage in disorderly conduct, consume alcohol in public or resist arrest.

28.     After spending approximately 48 hours in custody, the criminal charges against plaintiff were adjourned in contemplation of dismissal.

29.     Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's office at 1 Centre Street, New York, New York.

30.     At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

4

31.    This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

32.    Plaintiff suffered damage as a result of defendants' actions.  Plaintiff was deprived of his liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, and damage to his reputation.

### FIRST CLAIM
### Unlawful Stop and Search

33.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.    Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

35.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

### SECOND CLAIM
### False Arrest

36.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

37.    Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

38.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

### THIRD CLAIM
**State Law False Imprisonment and False Arrest**

39.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40.     By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

41.     Plaintiff was conscious of his confinement.

42.     Plaintiff did not consent to his confinement.

43.     Plaintiff's confinement was not otherwise privileged.

44.     Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

45.     As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

### FOURTH CLAIM
**Unreasonable Force**

46.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

47.    The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

48.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

49.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

50.    By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered him.

51.    Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

52.    As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

53.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54.    The individual defendants created false evidence against plaintiff.

7

55.     The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

56.     In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional right to a fair trial under the Sixth Amendment, as well as the Due Process Clause of the Fifth and Fourteenth Amendments.

57.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Failure to Intervene

58.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59.     Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60.     Accordingly, the defendants who failed to intervene violated the Fourth and Fourteenth Amendments.

61.     As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE,** plaintiff respectfully requests judgment against defendants as follows:

    (a) Compensatory damages against all defendants, jointly and severally;

    (b) Punitive damages against the individual defendants, jointly and severally;

    (c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

    (d) Such other and further relief as this Court deems just and proper.


DATED:    September 19, 2012
            New York, New York


                      HARVIS WRIGHT
                      SALEEM & FETT LLP

                      Gabriel P. Harvis
                      305 Broadway, 14th Floor
                      New York, New York 10007
                      (212) 323-6880
                      gharvis@hwsflegal.com

                      *Attorney for plaintiff*